UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
January 30, 2014

_____
In re:
    Reginald Andrews, Jr.,                                        Chapter 7 Case
           Debtor.                                                      # 13-10212
_____
Jacqueline Andrews,
           Plaintiff,                                                   Adversary Proceeding
    v.                                                                       # 13-1010
Reginald Andrews, Jr.,
           Defendant.
_____

*Appearances*:    *Jonathan C. Heppell, Esq.*            *Benjamin Putnam, Esq.*
                          *Marsh & Wagner, P.C.*                   *Neuse, Duprey & Putnam, P.C.*
                          *62 Court Street*                                *One Cross Street*
                          *Middlebury, VT 05753*                     *Middlebury, VT 05753*
                          *For the Debtor / Defendant*             *For the Plaintiff*

**MEMORANDUM OF DECISION**
**DENYING DEFENDANT'S MOTION TO DISMISS**

        Jacqueline Andrews (the "Plaintiff") initiated this adversary proceeding against Reginald Andrews, Jr. (the "Defendant"), seeking a non-dischargeable monetary judgment against the Defendant. The Plaintiff's complaint alleges the Defendant intentionally and maliciously damaged the Plaintiff and Plaintiff's property following the disintegration of the parties' twenty year relationship. The Defendant has filed a motion to dismiss the Plaintiff's complaint. For the reasons set forth below, the Court denies the Defendant's motion to dismiss.

**JURISDICTION**

        This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the claims raised in the Plaintiff's complaint to be core matters under 28 U.S.C. § 157(b)(2)(B) over which this Court has constitutional authority to enter a final judgment. Although some of the claims the Defendant raises in his counterclaim are outside this Court's constitutional authority, pursuant to Stern v. Marshall, 1325 S. Ct. 56 (2011), by stipulation dated December 31, 2013 (doc. # 32), the parties have consented to this Court's entry of a final judgment on Defendant's counterclaims.

1

## ISSUES PRESENTED

The only issue before the Court is whether Plaintiff's complaint alleges sufficient facts to state a plausible claim for relief, and thus is sufficient to survive the Defendant's motion to dismiss under Federal Rule of Civil Procedure 12.

## PROCEDURAL HISTORY

The Debtor/ Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 26, 2013 (doc. # 1). The Plaintiff filed an objection to the Debtor/ Defendant's claim of exemptions on July 3, 2013 (doc. # 26) and a complaint initiating this adversary proceeding on July 5, 2013 (AP doc. # 1) (the "Complaint"). The Defendant answered the complaint and filed a counter-complaint on August 2, 2013 (AP doc. # 4). The Defendant then filed a motion to dismiss Plaintiff's complaint (the "Motion to Dismiss") and a motion for entry of default judgment in favor of the Defendant on the Defendant's counter-complaint on December 13, 2013 (AP doc. # 21). However, on that same date, the parties filed a stipulated motion requesting the Court to hold the motion for default in abeyance until December 31, 2013 (AP doc. # 23), and the Plaintiff filed an answer to Defendant's counter-complaint (AP doc. # 22). The Defendant filed an application for entry of default judgment on December 19, 2013 (AP doc. # 28). However, pursuant to a subsequent stipulated motion filed by the parties on December 31, 2013 (AP doc. # 33), the Court entered an order on January 2, 2014, setting a December 13, 2013 filing deadline for Plaintiff's response to the Defendant's counter-complaint, and stating that the Defendant's motion for default and application for entry of default judgment were withdrawn (AP doc. # 34). Finally, the Plaintiff filed an opposition to Defendant's motion to dismiss on January 7, 2014 (AP doc. # 36).

## LEGAL STANDARD

The Defendant's motion is captioned as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b). However, since (as the Plaintiff correctly states) the Defendant has already answered the Complaint and pleadings are closed, the Court interprets Defendant's motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). "In both postures, the … court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." Id. (citations omitted). "However, a claim will be dismissed where it fails to set forth sufficient facts to state a claim for relief that is 'plausible on its face.'" Schulman v. Saloon Bev., 2014 U.S. Dist. LEXIS 4382 (D. Vt. 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## DISCUSSION

The Plaintiff's Complaint advances five causes of action: conversion, trespass to chattels, punitive damages, willful and malicious injury under 11 U.S.C. § 523(a)(6)[1], and larceny under § 523(a)(4). The Defendant's Motion to Dismiss seeks to dismiss counts III and V, asserting they fail to state a claim.

### A. The Defendant's Motion to Dismiss Count III. Punitive Damages

The Defendant advances two arguments to dismiss the Plaintiff's claim for punitive damages. First, the Defendant argues that, under Vermont law, punitive damages are not available in cases involving intentional conduct, and the claims underlying the Plaintiff's claim for punitive damages (conversion and trespass to chattels) are intentional torts. This argument is without merit.

Vermont law is entirely clear in holding that,

> [p]unitive damages are permitted upon evidence of malice "[w]here the defendant's wrongdoing has been <u>intentional and deliberate</u>, and has the character of outrage frequently associated with crime." . . . Actual malice may be shown by conduct manifesting personal ill will or carried out under circumstances evincing insult or oppression, or conduct showing a reckless disregard of others. In any case, however, there must be some evidence of bad motive, as mere negligence or even recklessness are not sufficient to show malice. . . <u>Bolsta v. Johnson</u>, 176 Vt. 602, 848 A.2d 306, 308 (2004) (citations omitted) (emphasis added). <u>See</u> <u>Shahi v. Madden</u>, 2008 VT 25, ¶ 26; <u>Bean v. Pion (In re Pion)</u>, 2007 Bankr. LEXIS 3578 (Bankr. D. Vt. 2007).

That Defendant's alleged actions are intentional torts is not, as the Defendant argues, a shield against punitive damages. On the contrary, the intentional nature of the Defendant's conduct, if proven, could support a claim for punitive damages. <u>See</u> <u>Fly Fish Vt., Inc. v. Chapin Hill Estates, Inc.</u>, 2010 VT 33, ¶ 22 (holding punitive damages not limited to intentional egregious torts only, but can extend to egregious harm resulting from reckless conduct amounting to malice); <u>Follo v. Florindo</u>, 2009 VT 11, ¶ 49 (holding trial court erred in not sending issue of punitive damages to jury because defendants found liable for actual common-law fraud, an intentional act with specific intent to defraud). Therefore, if the Plaintiff demonstrates that the Defendant engaged in the conduct alleged in the complaint and that his conduct was intentional and deliberate, the Plaintiff could recover punitive damages. Accordingly, the Defendant's first argument fails.

Defendant's second argument is that, even if punitive damages are available, the Defendant's conduct did not rise to the level of "actual malice." The Defendant asserts that ill-will between parties involved in the termination of a long-term relationship is common, and is insufficient to demonstrate the malice necessary for an award of punitive damages. This argument also fails.

---

[1] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

As stated above, for purposes of a Rule 12(c) motion, a court must accept all allegations in the complaint as true and draw all inferences in favor of the non-moving party. The Plaintiff alleges that the Defendant ordered the Plaintiff to leave their jointly owned home, verbally threatened her, and physically assaulted her as she attempted to retrieve her belongings; that the Defendant refused to return, sold, or destroyed items having sentimental value to the Plaintiff; and that the Defendant, in the process of partially returning Plaintiff's property, pursued the Plaintiff in his vehicle at high speeds and in a threatening manner. Drawing all inferences in favor of the Plaintiff, the Defendant's alleged actions rise above the level of animosity one might reasonably expect in the context of a disintegrating relationship. Such conduct instead "has the character of outrage frequently associated with crime," and evinces "personal ill will" or "insult or oppression." See Bolsta v. Johnson 176 Vt. 602; Pion v. Bean, 2003 VT 79, ¶ 42 (affirming trial court's finding of "overwhelming" evidence of actual malice to justify punitive award for deliberate destruction of property, calculated trespass and verbal harassment). Furthermore, the termination of a long-term relationship between the parties does not excuse otherwise malicious behavior. See Cooper v. Cooper, 173 Vt. 1, 15 (2001) (affirming punitive award where former father-in-law wrongfully foreclosed on son's ex-wife in order to "hurt" ex-wife in retaliation for divorce). Therefore, accepting the Plaintiff's allegations as true for purposes of the Defendant's Rule 12(c) motion, the Complaint does state a set of facts which could entitle Plaintiff to an award of punitive damages.

Since both of his arguments for dismissal of the punitive damages claim are unavailing, the Defendant's Motion to Dismiss is denied as to Count III of Plaintiff's Complaint.

## B. Defendant's Motion to Dismiss Count V. Larceny

The Defendant's sole argument with regard to Count V is that § 523(a)(4) excepts from discharge any debt arising from fraud or defalcation committed while acting in a fiduciary capacity, and since the Defendant was never in a fiduciary capacity with regard to the Plaintiff's personal property, the Plaintiff cannot show the Defendant's conduct fits within this statute or constitutes a factual basis for relief.

The Defendant misreads § 523(a)(4). This provision states that any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is excepted from a bankruptcy discharge. While it might be possible to read this in different ways, the case law is unequivocal that the words "acting in a fiduciary capacity" modify only the words "fraud or defalcation." "Section 523(a)(4) embraces three separate types of conduct: 'larceny', 'embezzlement', and 'fraud or defalcation in a fiduciary capacity'." Wegman's Food Mkts., Inc. v. Macarthur, 2001 U.S. Dist. LEXIS 26775 (W.D.N.Y. July 11, 2001) (citing In re Rivera, 217 B.R. 379 (D. Conn. 1998). See generally In re Garland, 501 B.R. 195 (Bankr. S.D.N.Y. 2013); Yankowitz Law Firm v. Tashlitsky (In re Tashlitsky), 492 B.R. 640 (Bankr. E.D.N.Y. 2013). The Plaintiff alleges her claim against the Defendant is excepted from discharge because

4

it arises from the Defendant's larcenous acts, and the Plaintiff is not required to allege any fiduciary capacity, fraud, or defalcation to prove this claim. She is correct. Therefore, her failure to allege facts showing the Defendant engaged in this conduct while acting in a fiduciary capacity does not warrant dismissal of Count V of the Plaintiff's Complaint. Accordingly, Defendant's Motion to Dismiss is also denied as to Count V of Plaintiff's Complaint.

## CONCLUSION

For the reasons set forth above, the Court finds the Plaintiff has pled sufficient facts that, if proven, could justify an award of punitive damages, as well as an exception to discharge under 11 U.S.C. § 523(a)(4). Accordingly, the Court denies the Defendant's Motion to Dismiss the Compliant under Rule 12 of the Federal Rule of Civil Procedure.

This constitutes the Court's findings of fact and conclusions of law.

January 30, 2014  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge